**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

February 27, 2007

CR 06-184

FILED
FEB 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**VIA EMAIL**
Nikki Lotze, Esq.

Dear Counsel:

    This letter sets forth the final, full, and complete plea offer to your client from the United States Attorney's Office for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accept the terms and conditions of this offer, which is wired to the plea offer to co-defendant Deborah Hicks, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

    1. Your client, Mr. Wright, agrees to admit guilty and enter a plea of guilty to Count One of a Superceding Information, that is Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. 841(a)(1). Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge state above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for (1) 60.2 grams of Cocaine Base from the April 28, 2004 incident, and (2) the 247.8 grams of Cocaine Base, 78.7 grams of Powder Cocaine, and 2.9 grams of Heroin recovered on March 10 and August 25, 2005, during the execution of search warrants upon Mr. Wright's residence, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute. Your client also understands that a dangerous weapon, that is, a .380 caliber handgun, was recovered during the execution of the March 10, 2005, search warrant, and that the Government will be arguing that this handgun was used by your client for the purpose of protecting and perpetuating his narcotics trafficking. Your client, however, reserves the right at sentencing to argue the applicability of Section 2D1.1(b)(1) with respect to this handgun.

    2. Your client understands that, pursuant to 21 U.S.C. Section 841, the charge of Unlawful Distribution of 5 Grams or More of Cocaine Base carries a penalty of imprisonment of not less than five years and not more than forty years, and a fine not to exceed $2,000,000.00), or both, and that the imposition or execution of a minimum sentence required to be imposed under this subsection shall not be suspended or deferred, and a person who violated this subsection shall be fined the reasonable costs of the investigation and prosecution of the offense, except that such a requirement shall not apply and a fine under this section need not be imposed if the court determines under the provision of Title 21 that the defendant lacks the ability to pay.

    3. In consideration of your client's plea to the above offense, your client will not be further

prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense or any conduct arising out of the execution of search warrants upon your client's residence on March 10 and August 25, 2005. In addition, at the time of sentencing, the Government will move to dismiss any and all other charges against your client. Furthermore, the Government agrees to forego an enhancement based on Mr. Wright's prior controlled substance offense which would increase the mandatory minimum he would face under Section 841(b)(1)(A)(iii) to 20 years. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

4.  Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence. In addition, as set forth in this agreement, your client agrees to give under oath a truthful, complete and accurate statement of her/his knowledge of his/her co-defendant's role in the commission of the offense[s] charged in the indictment.

5.  Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual [2006] (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

6.  Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. In addition, the Government agrees to allocute at the low end of the Guideline range for your client.

7.  The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

8.  The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest

that the Court consider a sentence outside of that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

9. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

10. In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

11. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

12. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

13. Your client understands and acknowledges that this Agreement and any plea of guilty which your client may enter pursuant to this Plea Agreement are contingent upon the entry of guilty pleas by co-defendant, Deborah Hicks, in this case. If this co-defendant fails to enter a guilty plea, this Agreement and any proceedings pursuant to this Agreement shall be withdrawn or voided.

14. Your client agrees to identify all assets over which your client exercises or exercised control, directly or indirectly, within the past three years, or in which your client has or had during

3

that time any financial interest. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client.

15. Pursuant to your request, and based upon your client's desire and need for immediate medical treatment including potential life-saving surgery, your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

16. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

17. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

18. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

19. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

20. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred

by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

21. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

22. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

23. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

24. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

        Sincerely yours,
        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

By: _____
     AARON H. MENDELSOHN
     Assistant United States Attorney

### DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Nikki Lotze, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily

and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 2-28-07

_____
Robert E. Wright
Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Robert Wright, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 2/28/07

_____
Nikki Lotze, Esquire
Attorney for the Defendant