HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Docket No.: <u>CR-06-184-01</u> |
| | : | |
| vs. | : | SSN: |
| | : | |
| WRIGHT, Robert | : | Disclosure Date: <u>July 3, 2007</u> |

**FILED**
MAY 14 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>RECEIPT AND ACKNOWLEDGMENT OF
PRESENTENCE INVESTIGATION REPORT</u>

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

<u>For the Government</u>
(CHECK APPROPRIATE BOX)
( )   There are no material/factual inaccuracies therein.
( )   There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    _____
Prosecuting Attorney                                                    Date

<u>For the Defendant</u>
(CHECK APPROPRIATE BOX)
( )   There are no material/factual inaccuracies therein.
(X)   There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____          _____          _____   7/16/07
Defendant                             Date                    Defense Counsel                        Date

<u>NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM</u>

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>July 17, 2007</u>, to U.S. Probation Officer <u>Kathie McGill</u>, telephone number <u>(202) 565-1421</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
       United States Probation Officer

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| v. | : | 06-cr-184 |
| | : | (EGS) |
| **ROBERT WRIGHT** | : | |

<u>DEFENDANT'S MEMORANDUM IN OPPOSITION TO
TWO LEVEL ENHANCEMENT PURSUANT TO</u>

The presentence report prepared in the above captioned case assigns a two level enhancement pursuant to §2D1.1.(b)(1), since a firearm was found during the execution of a search warrant on March 10, 2005, some eleven months after the date of the distribution to which Mr. Wright pled guilty (April 28, 2004).

Because the weapon was not present during the offense of conviction, the two level enhancement should not apply. Mr. Wright's total adjusted offense level, therefore, should be 31 instead of 33.

Section 2D1.1(b)(1) provides that in determining the guidelines range for distribution of cocaine, the base offense level for that offense is increased by 2 levels "if a dangerous weapon (including a firearm) was possessed." The application note provides:

> The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

Application note 3, §2D1.1.

There is no evidence that any firearm was present during the distribution on April 28, 2004, which is the offense subject to enhancement under 2D1.1(b)(1). Since the weapon was not present during the offense of conviction, the two level enhancement should not apply. *Compare, e.g., United*

*States v. Dellheim*, 187 Fed. Appx. 573, 578 (6th Cir. 2006) (record supported finding that guns found in home 5 months after end of conspiracy were nonetheless "present" during the conspiracy, in light of evidence that bullets had been seen in defendant's possession during conspiracy).

Neither should the enhancement apply merely because drugs were found in the same house as the gun at the time the search warrant was executed. As the attached police documents reflect, the handgun was located in "room H," – a second story bedroom; while the drugs were located in "room B" – a bedroom on the first floor of the house, and in "room E" – a second story bedroom at the opposite end of the house from room H. Therefore, the presence of the gun in a different room of the house makes it clearly improbable that the weapon was connected with the offense of possession of the drugs on March 10, 2005; and even more clearly improbable that the weapon was connected with the offense of conviction (a distribution some 11 months earlier).

For all of these reasons, Mr. Wright's total adjusted offense level should be 31 instead of 33

_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Ave. Suite 202
Riverdale, MD 20737

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Memorandum in Opposition to Base Offense Level Assigned by Presentence Investigation Report, has been delivered via facsimile and by mail, this 18 day of July, 2007, to:

AUSA Aaron Mendelsohn
FACSIMILE (202) 616-3782
Office of the States Attorney
555 Fourth Street, NW

Washington, D.C. 20530

_____
Nikki Lotze

FD-597 (Rev 8-11-94)

Page 1 of 2

## UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 166E-WF-179889

On (date) MARCH 10, 2005

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) ROBERT WRIGHT

(Street Address) _____

(City) _____

Description of Item(s):
1. $2,500.00 U.S. CURRENCY LOCATED IN RM B by D. WOODEN
2. PYREX MEASURING CUPS (2 TOTAL CUPS), RAZOR BLADE, BUTTER KNIFE, BAKING SODA AND SPOON LOCATED IN RM B by D. WOODEN
3. ONE CLEAR SANDWICH BAG, 3 KNOTTED PIECES OF PLASTIC CONTAINING WHITE POWDER LOCATED IN RM B by D. WOODEN
4. ZIPLOC OF SUSPECTED HEROIN LOCATED IN RM B by D. WOODEN
5. SUSPECTED CRACK COCAINE FROM INSIDE OF GLASS PYREX MEASURING CUP LOCATED RM B by D. WOODEN
6. SAMSUNG SPRINT SILVER IN COLOR CELL PHONE LOCATED IN RM B by D. WOODEN
7. PERSONAL PAPERS, MAIL MATTER LOCATED IN RM B by D. WOODEN
8. BLACK 380 CAL. DAVIS INDUSTRIES HANDGUN LOADED WITH 4 ROUNDS LOCATED RM H, by C. STREET
9. MAGAZINE CONTAINING 4 LIVE ROUNDS FROM BLACK 380 CAL HANDGUN LOCATED RM H by C. STREET
10. BLACK ID FOLDER WITH SILVER BADGE FROM PANTS POCKET OF REGINALD LEE LOCATED by S. TURNER
11. BROWN PAPER BAG OF "ZIPS" AND OTHER PACKING MATERIAL LOCATED RM E by R. STALLINGS
12. TWO CLEAR PLASTIC BAGS WITH WHITE ROCK-LIKE SUBSTANCE LOCATED RM E by R. STALLINGS
13. ONE PYREX 2 CUP MEASURING CONTAINER WITH WHITE ROCK-LIKE RESIDUE LOCATED IN RM E by R. STALLINGS

Received By: _____ (Signature)

Received From: _____ (Signature)

FD-597 (Rev 8-11-94)

Page 2 of 2

## UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 166F-WF-179889

On (date) MARCH 10, 2005

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) ROBERT WRIGHT

(Street Address) _____

(City) _____

Description of Item(s): 14 "VESTRAP" KHAKI VEST CONTAINING PACKAGING MATERIALS AND TWO SMALL PLASTIC BAGS CONTAINING WHITE POWDER LOCATED RM E by R. STALLINGS
15 PLATE AND RAZOR BLADE WITH SUSPECTED DRUG RESIDUE LOCATED RM E by G. ROGERS
16. BAG OF WHITE POWDER, ZIPLOC BAGS, RAZORS, PLATES LOCATED RM E by G. ROGERS

NOTHING FOLLOWS

Received By: STEPHANIE YANTA FBI, SA
S. Yanta 2/270-2167 (Signature)

Received From: _____ (Signature)

Room "B" BEDROOM

Room "A" DINING ROOM

PANTRY

CLOSET

Room "C" KITCHEN

TO BASEMENT

LANDING

Room "D" LIVING ROOM

Room "D" FAMILY ROOM

WASHINGTON, D.C.
166E-WF-179889
MAIN FLOOR

NOT TO SCALE
SKETCH BY DET. GUS GIANNAKOULIAS

